IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DEVON ODOM**                                                                                          **PLAINTIFF**

v.                                                         CIVIL ACTION NO.: 3:25-cv-42-KHJ-MTP

**HINDS COUNTY, MISSISSIPPI,** *et al.*                                               **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Compel Discovery Responses from Defendant Hinds County [43]. Having carefully considered the Motion [43], the applicable law, and the parties' submissions, the Court finds that the Motion [43] should be GRANTED in part and DENIED in part as set forth below.

## BACKGROUND

On January 17, 2025, Plaintiff Devin Odom filed this lawsuit against Defendant Hinds County, Mississippi alleging unconstitutional conditions of confinement and *Monell* liability claims, arising out of two alleged assaults on Plaintiff while he was a pretrial detainee at the Hinds County Detention Center. On June 3, 2025, the Court entered a Case Management Order [9], setting the case deadlines, including a January 6, 2026 deadline to complete discovery. [9] at 4.

On August 27, 2025, a few months after the Case Management Order was entered, Plaintiff propounded his first set of interrogatories and requests for production on Defendant. *See* [10] [11]. Defendant served responses to the first set of requests for production on September 27, 2025. *See* [18]. Those responses, however, were incomplete and required supplementation. Further, the responses to the first set of interrogatories were not served until months later, on December 12, 2025, and those responses were also deficient. *See* [35]. Despite Plaintiff's

requests for supplementation, the responses to the first set of written discovery requests remained deficient, and Plaintiff requested a discovery conference with the Court. Plaintiff also propounded a second set of interrogatories and requests for production on Defendant on November 18, 2025. *See* [29] [30]. Plaintiff asserts that Defendant has not responded to the second set of written discovery requests, and the docket does not reflect that Defendant served its responses.

Accordingly**,** on December 5, 2025, the undersigned conferred with the parties and addressed the issues that arose concerning Defendant's responses and lack thereof. Following the conference, an Order [34] was entered, which directed Defendant to respond to and supplement the written discovery requests propounded on it by Plaintiff by December 12, 2025. *See* Order [34]. The Order further provided that should discovery disputes remain following Defendant's responses and supplemental responses to the written discovery, Plaintiff could file a motion to compel without further conference with the court. *Id.*

On January 5, 2026, Plaintiff requested a ninety-day extension of all remaining deadlines and a continuance of the trial, as discovery responses remained deficient. *See* [40]. The Court granted the extension, and the discovery deadline was extended to April 6, 2026. *See* [42].

Following the extension of the case deadlines, on January 15, 2026, Plaintiff filed the instant Motion to Compel [43], stating that the responses to the first set of written discovery requests remained deficient and Defendant still had not served responses to the second set of written discovery requests, despite Plaintiff's multiple attempts to obtain complete responses and court intervention. Specifically, Plaintiff seeks complete supplemental responses to Interrogatory Nos. 1-5 and 7-15 and Requests for Production Nos. 1, 3, 5-9, 11-14. Plaintiff also requests that

Defendant's improper objections be withdrawn. Plaintiff argues that these discovery requests seek "foundational information" and go "to the core of Plaintiff's claims." [43] at 1.

Defendant filed a Response [49] to the Motion [43], in which it does not address each request individually or support its objections, but generally addresses this discovery dispute by discussing three topics: (1) the surveillance footage of the alleged assaults, (2) supplementation of existing responses, and (3) the second set of written discovery requests. Instead of supporting its objections to the written discovery requests, Defendant explains that it has made efforts to obtain responsive information, but it needs more time for ongoing "review and retrieval efforts." [49] at 1, 4. Defendant does not even suggest when it might respond or how long it needs to respond fully to the discovery requests served nearly six months ago.

As for the surveillance footage Plaintiff requests, Defendant provides that such footage does not exist and has provided a supporting affidavit. *Id.* at 3. Defendant admits that it has not served responses to the second set of written discovery requests, but requests time to answer and object, and argues that any "information generated in the Consent Decree Litigation" that Plaintiff seeks is inadmissible and therefore should not be discovered.

Plaintiff has since replied, and the matter is now ripe for review.

## ANALYSIS

The scope of discovery is broad. *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Such discovery must also be "proportional to the needs of the case[.]" *Id.* At the discovery stage, relevancy is broadly construed, and information is considered relevant if "there is any possibility that the information sought may be relevant to the

claim or defense of any party." *S.E.C. v. Brady*, 238 F.R.D. 429, 436 (N.D. Tex. 2006) (cleaned up). At some point, however, discovery yields diminishing returns, needlessly increases expenses, and delays the resolution of the parties' dispute. Finding a just and appropriate balance in the discovery process is one of the key responsibilities of the Court, which has broad discretion over the scope of discovery. *See Dominick v. Mayorkas*, 52 F.4th 992, 995 (5th Cir. 2022).

Federal Rule of Civil Procedure 37 allows a motion to compel discovery or disclosure where a party fails to answer an interrogatory under Rule 33 or fails to respond to a request for production under Rule 34. Rule 37 states that "an evasive or incomplete disclosure answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 435 (N.D. Tex. 2016) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

"A mere statement by a party that a request is 'overly broad and unduly burdensome' is not adequate to voice a successful objection." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006). These kinds of "[b]road-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request." *Id.* Satisfying the burden of showing a request is "unduly burdensome" requires a "specific, detailed showing of how a request is burdensome, and may be accomplished with an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *In re Adkins Supply, Inc.*, 555 B.R. 579, 590 (Bankr. N.D. Tex. 2016). Furthermore, courts in this circuit have made clear that

responding to a request for production with "subject to" or "without waiving" objections "is manifestly confusing (at best) and misleading (at worst), and has no basis at all in the Federal Rules of Civil Procedure." *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 283 (N.D. Tex. 2017).

Applying these rules and principles of law, the Court finds and orders as follows:

### *Interrogatories Nos. 1-3*

The Motion is GRANTED as to Interrogatories No. 1, 2, and 3. Plaintiff asks for the names and general information about employees and others who were present or on duty at the Hinds County Detention Center ("HCDC") on the dates of the alleged assaults. The questions also ask for information about supervisors, monitors, or other officials. The objections raised by Defendant are boilerplate, stating that the requests are "overly broad and unduly burdensome" without any context or particulars. This falls far short of Defendant's burden as the objecting party. When objecting to a request, Defendant is required to not just raise the objection, but to raise it and adequately support it. Defendant is ordered to provide full and complete answers to these interrogatories, not just parts of them.

### *Interrogatory No. 4*

The Motion is GRANTED as to Interrogatory No 4. Defendant did not object to the interrogatory but only answered part of it. Where Defendant is not entirely objecting to an interrogatory, he is required to answer it "separately and fully." *See* Fed. R. Civ. P. 33(b)(3)-(4); *Samsung Elecs. Am., Inc.*, 321 F.R.D. at 282. Defendant is ordered to provide a full answer to the interrogatory.

*Interrogatory No. 5*

The Motion is GRANTED as to Interrogatory No. 5. The interrogatory asks for the identification of reports and records documenting Plaintiff's movements within the HCDC on the dates of the alleged assaults. Defendant's boilerplate objections to the interrogatory are overruled. The objection that such records are "not reasonably calculated to lead to the discovery of admissible evidence" is spurious and evasive. Likewise, the objection that such documents may be privileged is overruled. The interrogatory does not require the production of documents, only their identification. Even if documents were requested, those deemed privileged should be identified on a privilege log pursuant to Local Rule 26(e). Accordingly, all responsive documents must be identified.

*Interrogatory No. 7*

The Motion is GRANTED as to Interrogatory No. 7. The interrogatory calls for information about those persons in the chain of command at the HCDC on the dates of the alleged assaults. After raising the same boilerplate objections, Defendant provided partial information. The objections are overruled. The interrogatory must be answered in full.

*Interrogatory No. 8*

The Motion is GRANTED as to Interrogatory No. 8. The interrogatory asks for basic information about the "red tag" process at HCDC. Defendant objects with the now familiar "overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence." With no context or apparent basis, these objections must be overruled. This time, however, Defendant adds a new reason for not responding: "discovery is ongoing." Defendant does not reveal what "ongoing" discovery might be necessary to explain *its own* processes and policies. This interrogatory must be answered in full.

*Interrogatory No. 9*

The Motion is GRANTED as to Interrogatory No. 9. This interrogatory requests a description of the process by which an inmate may request protective custody, how such requests are documented, and how such decisions are made and communicated. The same objections to Interrogatory No. 8 are made to this one and are overruled for the same reasons. This interrogatory must be answered in full.

*Interrogatory No. 10*

The Motion is GRANTED as to Interrogatory No. 10. This interrogatory asks for information about the inmate(s) who attacked Plaintiff. No objections were made, but the interrogatory was not fully answered. This interrogatory must be answered in full.

*Interrogatory No. 11*

The Motion is GRANTED as to Interrogatory No. 11. This interrogatory requests information regarding the gang affiliation, if any, of Plaintiff's attackers. After raising the same boilerplate objections, Defendant states that it has no responsive information, reserves the right to supplement, and directs Plaintiff to certain documents it is producing, perhaps under Fed. R. Civ. P 33(d), but perhaps not in light of its earlier statement that is has no such information. The answer is ambiguous and unclear. The requested interrogatory must be clearly answered in full and in writing.

*Interrogatory No. 12*

The Motion is GRANTED as to Interrogatory No. 12. This interrogatory asks Defendant to identify other complaints, incidents, lawsuits, etc., involving allegations and claims of the sort raised in Plaintiff's Complaint for a period exceeding ten years. Defendant lodged the same general objections but did add that the interrogatory "requires significant record and document

examination." Defendant did not say how much examination was required or how long the examination would last. The parties exchanged correspondence to address Defendant's concerns over the breadth of the request, and Plaintiff offered to reduce the time from January 1, 2021, to the present. Plaintiff did so again in the Motion to Compel. Notwithstanding Defendant's continued litany of boilerplate objections, which are overruled, Plaintiff has sufficiently demonstrated the relevance and discoverability of the information, and it appears to be proportional to the needs of the case. Defendant offers no argument to the contrary. Accordingly, the interrogatory must be answered in full for the reduced time period of January 1, 2021, to the present.

*Interrogatory No. 13*

The Motion is GRANTED as to this interrogatory which calls for information about the training provided to staff at HCDC. To address Defendant's concerns over the breadth of the request, Plaintiff offered to reduce the time period at issue from January 1, 2021, to the present. The information requested for the reduced time period appears to be proportional to the needs of the case, and Defendant offers no argument to the contrary. Accordingly, the interrogatory must be answered in full for the reduced time period of January 1, 2021, to the present.

*Interrogatory No. 14*

The Motion is GRANTED as to Interrogatory No. 14. In response to this interrogatory asking for information about applicable insurance coverage or related agreements providing coverage, Defendant simply referred to three documents by "Bates" label, presumably pursuant to Fed. R. Civ. P 33(d). No objections were raised. The answer should be clarified to state whether any such agreements or policies exist and, if so, they must be identified in the answer.

*Interrogatory No. 15*

The Motion is GRANTED as to Interrogatory No. 15. This interrogatory asks whether there were investigations, reports, or reviews of the incidents or assaults at issue and, if so, to provide the identity of the individuals involved and a summary of the findings. Defendant's initial group of objections (broad, burdensome, disproportional, and not calculated to lead to discovery of admissible evidence) are overruled. Defendant also generally raises the attorney client privilege and the work product doctrine as objections. These objections could be relevant to Plaintiff's request to "summarize the findings" of the investigations, reports, or reviews. However, Defendant does not provide the basis for these objections or brief the issues. As the party asserting privilege, Defendant bears the burden of establishing privilege. *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.,* 876 F.3d 690, 695 (5th Cir. 2017). It did not. Accordingly, the interrogatory must be answered in full.

*Request for Production No. 1*

The Motion is GRANTED as to this request. Defendant's response to the first document request is a non-answer. The request calls for the production of documents identified or referred to in the interrogatories. No objections were made, only a reference that certain "Bates" labeled documents were being produced. It was later supplemented to provide that other "Bates" labeled records were being produced, but there was no indication in the initial response that documents were withheld or otherwise not produced. The answer to this document request must be supplemented as this order will require significant supplementation of the underlying interrogatory responses. The response, when supplemented, must state whether the requested documents are being produced. Any documents withheld due to a claim of privilege or work

product must be identified on a privilege log which complies with the Federal Rules of Civil Procedure 26(b)(5) and Uniform Local Rule 26(e).

***Request for Production No. 3***

The Motion is DENIED as to this request. Defendant responded to this request for video or audio footage capturing the incidents in question by raising the attorney-client privilege and the work product doctrine. How those objections may apply is not explained, nor did the county attempt to defend them in its Response to the Motion to Compel. Defendant then states that "[w]ithout waiving the objections, answering defendant has no information in its possession responsive to Request No. 3." It later supplements its response stating that, after diligent inquiry, it has not located any audio or video footage of either incident. This is a sufficient response to the request. While Plaintiff complains that there was duty to preserve the footage, that complaint cannot be fairly addressed in the context of this motion. Whether there was such a duty, when it arose, whether it was breached and what, if anything, should be done about it are questions for another day and may be addressed by other discovery or motions.

***Request for Production No. 5***

The Motion is GRANTED as to this request as modified by the court. The request is for copies of certain policies, procedures, and manuals for a specified time period. Defendant is directed to produce the requested policies, procedures, and manuals; however, the time limit for the records to be produced will be limited to January 1, 2021, to the present. Defendant's general objections are overruled.

***Request for Production No. 6***

The Motion is GRANTED as to this request as modified by the court. The request is for training materials and certifications for a specified time period. Defendant is directed to produce

the requested documents for the time period from January 1, 2021 to the present. Defendant's general objections are overruled.

### Request for Production No. 7

The Motion is GRANTED as to this request. The requested files and reports must be produced. If any are withheld on grounds of privilege or work product, those must be identified on a privilege log in compliance with Local Rule 26(e). Defendant's general objections are overruled.

### Request for Production No. 8

The Motion is GRANTED as to this request as modified by Plaintiff. The request is essentially for the records or matters identified in response to Interrogatory No. 12, which the Court will require Defendant to answer. The documents must also be produced for the same reasons. However, the time limit for the records to be produced will be limited to January 1, 2021, to the present. Defendant does not address or otherwise argue that the modified time period is disproportionate to the needs of the case.

### Request for Production No. 9

The Motion is GRANTED as to this request as modified by Plaintiff. The request is for amounts paid in settlements or verdicts on claims that Defendant failed to protect inmates from harm. However, the time limit for the records to be produced will be limited to January 1, 2021, to the present. Defendant does not address or otherwise argue that the modified time period is disproportionate to the needs of the case.

### Request for Production No. 11

The Motion is GRANTED as to this request which calls for the production of the logs completed by corrections officers within the limited time period encompassing the assaults.

*Request for Production No. 12*

The Motion is GRANTED in part and DENIED in part as to this request. This request calls for the complete personnel files of all employees on duty on the days of the alleged assaults. This request as worded is disproportionate to the needs of the case and encompasses much irrelevant information in two ways. First, the request seeks personnel files for every employee, contractor, or official on duty. The request should be limited to the employees responsible for supervising or monitoring Plaintiff, conducting rounds where Plaintiff was housed, and those responsible for overseeing his transport when the alleged assaults occurred. Second, the request seeks the entirety of the personnel file for each individual. Parts of the personnel files, for example the benefits and salary of each individual, do not have any apparent relevance to the claims and defenses in this case. The request should be limited to the training records, disciplinary records, and internal affairs investigations for the relevant individuals. Defendant must produce the requested documents, but subject to the limits above.

*Request for Production No. 13*

The Motion is GRANTED as to this request which calls for copies of the jail files for the inmates involved in the assaults at issue.

*Request for Production No. 14*

The Motion is GRANTED as to this request which calls for documents identifying the chain of command and related information for staff on duty on the dates of the assaults.

*Plaintiff's Second Set of Written Discovery*

As to Plaintiff's request for an order compelling Defendant to answer the second set of interrogatories and requests for production, the Motion is GRANTED.

Plaintiff propounded the second set of interrogatories and requests for production on Defendant on November 18, 2025. *See* [44] at 29-30. Plaintiff claims that the responses were due on December 18, 2025, and he sent good-faith letters in an attempt to get a response. *Id.* at 29. Defendant failed to serve responses prior to Plaintiff's filing of this Motion.

Despite the pending Motion to Compel, Defendant admits that it still has not submitted responses to the second set of written discovery, but requests that should the Court compel responses to the discovery requests, that Defendant be allowed to make appropriate objections. [49] at 4-5. In support of this request, Defendant provides that "Counsel has undertaken great effort to obtain the required information and continues to do so." [49] at 5.

As Defendant has failed to respond at all to Plaintiff's second set of written discovery requests, Plaintiff's request to compel these responses will be granted, and Defendants will be ordered to provide discovery responses.

A party's failure to respond to discovery requests may result in a waiver of its objections, unless the Court excuses the failure for good cause. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989). ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."). Defendant failed to present good cause for its failure to respond to Plaintiff's second set of written discovery requests. Thus, Defendant has waived its objections to the outstanding discovery requests.

The Court declines Defendant's request for time to file objections to discovery requests that have been pending for almost three months. When a party needs more time "to properly respond to discovery requests," the "proper course" is "not to ignore the 30-day deadline…or to serve general or boilerplate objections but rather to seek more time to properly object or respond to or answer some or, if truly necessary, all of the discovery requests." *Lopez v. Don Herring*

*Ltd.*, 327 F.R.D. 567, 583 (N.D. Tex. 2018). Defendant has offered no good cause for its failure to respond.

### *Protective Order*

In the Response to the Motion to Compel, Defendant mentions a possible need for a protective order but fails to provide any specific justification or comply with the requirements of Fed. R. Civ. P. 26(c). Requests for relief should be made by motion; Defendant has failed to file any such motion. *See* L.U Civ. R. 7(b). As the party seeking protection, Defendant bears the burden to move for and demonstrate "good cause" for such an order. *See* Fed. R. Civ. P. 26(c); *In re Terra Intern., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). Because Defendant has failed to meet this burden, its request is denied.

### *Attorney's Fees and Costs*

Fed. R. Civ. P. 37(a)(5)(C) provides that if a motion to compel is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." However, "the court must not order this payment if … the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A). The court also has "inherent authority to impose sanctions in order to control the litigation before it." *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010) (internal citations and quotations omitted). Here, the Motion to Compel was granted in almost every aspect.

In the Motion to Compel, Plaintiff seeks an award of attorney's fees and costs. [44] at 30. Plaintiff argues an award of fees is appropriate here given Defendant's "repeated failure to comply with its discovery obligations," i.e., it failure to respond and failure to provide complete responses despite multiple good-faith letters and court intervention.

Defendant requests the Court deny an award of expenses, as the delay in responses "was not the product of obstruction," but instead stems from issues in "continued coordination and retrieval from Hinds County Sources despite Defense Counsel's repeated efforts and warnings to Hinds County counsel/personnel." [49] at 7. This argument is neither convincing nor sufficient.

The Court finds that an award of fees and costs is appropriate. Defendant has had multiple opportunities to comply with its discovery obligations and has failed to do so. Defendant has failed to adequately respond to written discovery requests that were served more than six months ago and has failed to respond at all to written discovery requests it received nearly three months ago. Defendant's failure to provide basic information necessary to develop this case has resulted in significant delays. Further, Defendant provided little justification in its Response to the Motion to Compel, merely arguing that defense counsel has made significant efforts, that retrieval efforts are "ongoing," supplementation will eventually occur, and some information may be undiscoverable.

The Court finds no substantial justification for Defendant's failure to cooperate in discovery which would make an award of fees and expenses unjust. Thus, Plaintiff should be awarded his attorney's fees and expenses incurred in filing the Motion to Compel.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff Devon Odom's Motion to Compel Discovery Responses from Defendant Hinds County [43] is GRANTED in part and DENIED in part;

2. To the extent that supplementation is required by this Order, Defendant Hinds County shall supplement its responses by not later than February 27, 2026;

3. Defendant Hinds County shall serve responses to Plaintiff's Second Set of Interrogatories and Requests for Production by not later than February 27, 2026; and

4. On or before February 27, 2026, Plaintiff's counsel shall file his motion for fees and expenses, which must be supported by an affidavit and itemization of fees and expenses incurred in connection with filing the Motion to Compel [43].

5. On or before March 6, 2026, Defendant shall file its response, if any, to the motion and itemization of fees and expenses.

6. Thereafter, the Court shall award any appropriate fees and expenses by separate order.

SO ORDERED, this the 12th day of February, 2026.

s/Michael T. Parker<br>
United States Magistrate Judge