IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DEVON ODOM**                                                                                       **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO.: 3:25-cv-42-KHJ-MTP**

**HINDS COUNTY, MISSISSIPPI,** *et al.*                                          **DEFENDANTS**

### ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Attorney's Fees [62].

Having considered the Motion [62], the parties' submissions, and the applicable law, the Court

finds that the Motion [62] should be GRANTED in part and DENIED in part.

### BACKGROUND

On January 15, 2026, Plaintiff filed a Motion to Compel Discovery Responses from

Defendant Hinds County [43]. After briefing on the Motion [43] was completed, the Court

granted Plaintiff's Motion in part and denied it in part. *See* Order [55]. The Court also granted

Plaintiff's request for its attorney's fees and costs associated with bringing the Motion [43] and

instructed Plaintiff to file a motion for such fees and costs by February 27, 2026. [55] at 15. The

Court instructed Defendant Hinds County to file its response, if any, to the motion for fees on or

before March 6, 2026. *Id.* at 16.

On February 27, 2026, Plaintiff filed the instant Motion for Attorney's Fees and

Expenses [62] along with a supporting memorandum brief. Plaintiff also submitted an affidavit

from its counsel setting forth her hourly rates, an affidavit setting forth the prevailing market

rates in Jackson, Mississippi, and an itemization of fees and expenses incurred in bringing the

Motion to Compel [43].

1

On March 13, 2026, Defendant Hinds County filed an untimely response to the Motion [62]. Defendant argues that the Court should reduce Plaintiff's requested fees by at least 25% as the Motion [62] was denied in part, Plaintiff devoted substantial time to his unsuccessful claims, and Plaintiff failed to separate billing entries between successful and unsuccessful issues. [71] at 5, 7, 9-10.

Plaintiff did not file a reply, and the matter is now ripe for review.

## ANALYSIS

As Defendant Hinds County did not respond to the Motion [62] by the deadline set in this Court's Order [55], the Court could decline to consider Defendant's Response [71]. Nevertheless, the Court will consider Defendant's arguments in examining whether the requested attorney's fees are reasonable.

The Fifth Circuit uses the "lodestar" method to calculate reasonable attorney's fees, multiplying the number of hours spent on the matter by a reasonable hourly rate for such work in the community. *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016). "Reasonable hourly rates are typically calculated through affidavits submitted by attorneys practicing in the community in which the district court is located." *Auto Parts Mfg. Miss. Inc. v. King Constr. of Houston, LLC*, 258 F. Supp. 3d 740, 754 (N.D. Miss. 2017) (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)). In considering the award, the Court considers the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974).[1] *See Combs*, 829 F.3d at 392.

---

[1] The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results

***Reasonable Rate***

The Court first considers whether Plaintiff counsel's requested hourly rate is reasonable. In her affidavit, Plaintiff's counsel states that her requested hourly rate is $375 an hour for the "total attorney time expended in connection with the Motion to Compel and related briefing," and $100 an hour for the "total paralegal time expended." [62-1] at 2. The itemization of fees and costs provides that Plaintiff incurred a total of $12,562.50 in attorney's fees. [62-2] at 5.

Plaintiff argues that an hourly rate of $375.00 is "consistent with prevailing market rates in the Southern District of Mississippi for attorneys of comparable skill, experience, and reputation handling civil rights complex federal litigation." [62] at 2. Plaintiff supports this with an affidavit by his counsel in which counsel provides that her rate is reasonable and consistent with the market rates and with her nearly two decades of experience in handling federal civil rights and complex litigation matters. [62-1] at 2. Plaintiff also relies on an affidavit by attorney Aafram Sellers, who practices in the Southern District of Mississippi in the area of civil rights litigation, who attests that "an hourly rate between $365.00 and $400.00 per hour" is reasonable, and Plaintiff's counsel's $375.00 hourly rate is "reasonable and consistent with prevailing market rates in the Southern District of Mississippi." [62-3] at 1. Defendant Hinds County does not dispute that the requested hourly rate is reasonable.

The Court may look to other Mississippi District Court decisions to determine the prevailing rate. *See Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761 (5th Cir. 1996); *Pickett v. Miss. Bd. of Animal Health*, 2021 WL 4979009 (S.D. Miss. Oct. 26, 2021). In so doing,

---

obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 257 n.3 (5th Cir. 2018).

the Court is not bound by a "hyper-local" focus and may determine the prevailing community standard for hourly rates by reference to the entire state of Mississippi. *Pickett*, 2021 WL 4979009, at *4; *see also United States ex rel Jehl v. GGNSC Southaven, LLC*, 2024 WL 1145962, at *2 (N.D. Miss. Mar. 14, 2024).

Given the nature of this litigation, the experience of Plaintiff's counsel, and Defendant's lack of opposition to the requested rate, the undersigned finds that $375.00 is a reasonable hourly rate and in accordance with other awards in Mississippi federal courts  *See, e.g., Haddonfield Foods, Inc. v. S. Hens, Inc.*, 2022 WL 20438231, at *2 (S.D. Miss. Nov. 3, 2022) (awarding $450 and $325 hourly rates for partners); *S. Refuge, LLC v. Bondurant*, 2023 WL 2998475, at *3 (S.D. Miss. Apr. 18, 2023) (awarding between $395 and $345 hourly rates for partners); *Anthony v. Walker*, 2025 WL 2639175, at *7 (S.D. Miss. Sep. 12, 2025) (awarding $400 and $500 hourly rate for partners); *Wiemer v. Rubino*, 2019 WL 2461817, at *3 (S.D. Miss. June 12, 2019) (awarding $110 and $130 hourly rates for paralegals).

### *Hours Expended*

The Court next considers the hours that Plaintiff claims his counsel expended in connection with the Motion to Compel [43]. Regarding the hours expended, "[t]he Fifth Circuit has emphasized that district courts should reduce attorneys' fees awards where attorneys do not exercise billing judgment, i.e., exclude 'unproductive, excessive, or redundant hours.'" *Brown v. Ascent Assurance, Inc.*, 191 F. Supp. 2d 729, 733 (N.D. Miss. 2002) (quoting *Walker*, 99 F.3d at 770)). The Court is mindful, though, that its "goal ... is to do *rough* justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011) (emphasis added).

Here, Plaintiff says that a total of 34.6 hours were expended "in connection with the Motion to Compel and related fee proceedings." [62] at 2. Plaintiff's counsel and a paralegal

worked on the assignment, with Plaintiff's counsel expending 33.1 hours and the paralegal expending 1.5 hours. *Id.* Plaintiff's counsel stated that she "excluded clerical or administrative tasks from attorney billing and did not include unproductive, excessive, redundant, or unrelated time." [62-1] at 2. Defendant did not object to the hours expended, except for those related to the unsuccessful portions of the Motion to Compel, which the Court addresses below. The Court reviewed the submission of counsel and finds the amount of claimed hours (34.6 total) were reasonably expended.

### *Apportionment of Fee Award*

Defendant does not argue that the requested fee is unreasonable nor against the hours expended, but it does request at least a 25% reduction in any fee award, arguing that an award must "exclude or appropriately apportion time devoted" to the unsuccessful portions of the Motion to Compel. [71] at 1. Defendant points out that Plaintiff was unsuccessful in compelling two requests, Requests for Production Nos. 3 and 12, but asks the Court to reduce a fee award by at least 25% because "Plaintiff apportioned considerable time and resources pursuing camera and surveillance footage," the subject of Request for Production No. 3. *Id.* at 6-7. Defendant further argues that over time, Plaintiff altered "the essence of the request" for the surveillance footage, implying preservation issues, and "[t]his shift and recharacterization of Plaintiff's request implies a significant portion of Plaintiff's review, research, and drafting was devoted to surveillance footage or the retention and management of surveillance footage." *Id.* at 8.

It is true that where a motion to compel is granted-in part and denied in-part, courts have discretion to "apportion the reasonable expenses" of the motion. Fed. R. Civ. P. 37(a)(5)(C); *See Shumpert v. City of Tupelo, Mississippi*, 2017 WL 1740330, at *3 (N.D. Miss. May 3, 2017). "In determining an apportioned fee, the Court looks mainly to Plaintiff's degree of success on the

underlying motions to compel." *White Cap LP v. McSpadden*, 2024 WL 5440869, at *3 (N.D. Tex. Sep. 16, 2024).

In the Motion to Compel, Plaintiff requested the Court compel responses to 25 different interrogatories and requests for production of documents, in addition to the entirety of a second set of written discovery to which Defendant had failed to respond. Plaintiff prevailed on 23 requests and successfully compelled responses to the full second set of written discovery requests. With only one request denied in full and one in part, Plaintiff achieved an approximate 94% success rate.

While Defendant argues that Plaintiff spent considerable time on Request for Production No. 3, that is reflected neither in the Motion to Compel nor in Plaintiff's detailed billing statement. Discussions and requests regarding the surveillance footage only make up a small portion of the Motion to Compel and are barely present in the billing statement. Defendant further argues for a fee reduction exceeding 25% because Plaintiff failed to separate billing between successful and unsuccessful issues. However, because the Motion to Compel involved nearly thirty distinct requests, the Court finds this request unreasonable and declines to penalize Plaintiff for this. Thus, the Court finds that 25% or greater reduction in the requested fees is not appropriate.

The Court accordingly finds that "*rough* justice" here is a 6% reduction of the requested fees, reflecting the extent of Plaintiff's lack of success on the Motion to Compel. *See Fox*, 563 U.S. at 838.

*Conclusion*

In sum and having applied the *Johnson* factors, the Court grants Plaintiff's Motion for Attorney's Fees and Expenses [62] in part. Plaintiff should be awarded attorney's fees in a total sum of $11,808.75, which is his requested attorney's fees reduced by 6%.

IT IS, THEREFORE, ORDERED that:

1.  Plaintiff's Motion for Attorney's Fees and Expenses [62] is GRANTED in part and DENIED in part;

2.  Plaintiff is awarded reasonable attorney's fees in the amount of $11,808.75; and

3.  Defendants shall pay Plaintiff, through Plaintiff's counsel, the sum of $11,808.75 on or before April 30, 2026.

SO ORDERED, this the 30th day of March, 2026.

s/Michael T. Parker
United States Magistrate Judge

7